UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| **UNITED STATES of AMERICA,**<br>    **Plaintiff,**<br><br>V.<br><br>**JAYLIN E. MORTON,**<br>    **Defendant.** | **CASE NO. 5:23-CR-45-1-KKC-EBA**<br><br><u>**OPINION AND ORDER**</u> |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on a Motion to Dismiss the Indictment by Defendant Jaylin E. Morton. (DE 18.) Morton was indicted for possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1). (DE 1.) Morton states in his motion to dismiss that his prior felonies include: (1) burglary in the third degree; (2) fleeing the police in the third degree[1]; (3) convicted felon in possession of a firearm; and (4) fleeing the police on foot. (DE 18 at 2.) Morton now presents an as applied challenge to § 922(g)(1).

Morton argues that the Second Amendment requires his indictment be dismissed unless the government can show that § 922(g)(1) is consistent with our Nation's historical tradition of firearm regulation. Judge Van Tatenhove extensively analyzed this issue in *United States v. Goins*, No. 522CR00091GFVTMAS1, 2022 WL 17836677 (E.D. Ky. Dec. 21, 2022). The Court agrees with that analysis and finds it applicable to this case. For the reasons stated in Judge Van Tatenhove's opinion, the Court finds that 18 U.S.C. § 922(g)(1)

---

[1] The government claims in its response to the motion to dismiss that Morton was convicted of fleeing the police in the first degree. (DE 23 at 2.)

is not unconstitutional as applied to Morton because his prior felonies represent a serious and direct threat to public safety.

Accordingly, the Court hereby ORDERS as follows:

1) Morton's motion to dismiss (DE 18) is **DENIED**.

This 14th day of September, 2023.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY